**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| EURAL SCURLARK, | |
|     Plaintiff, | Case No. 5:20-cv-01242 |
| v. | |
| QUALITY ASSET RECOVERY, LLC, | |
|     Defendant. | |

## COMPLAINT

**NOW COMES** Plaintiff, EURAL SCURLARK, by and through his undersigned counsel, complaining of Defendant, QUALITY ASSET RECOVERY, LLC, as follows:

### NATURE OF THE ACTION

1.      This action seeks redress for Defendant's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3.      Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4.      EURAL SCURLARK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Grand Prairie, Texas.

5.      Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

6.      QUALITY ASSET RECOVERY, LLC ("Defendant") maintains a principal place of business at 7 Foster Avenue, Suite 101, Gibbsboro, New Jersey 08026.

7.     Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) because the principal purpose of  Defendant's business is the collection of debt owed to others.

## FACTUAL ALLEGATIONS

8.     In April 2017, Plaintiff received services from the Fire Department of the City of Grand Prairie.

9.     Due to financial difficultly, Plaintiff was unable to pay for the services from the Fire Department of the City of Grand Prairie ("subject debt").

10.     The subject debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

11.     The subject debt was eventually placed with Defendant for collection.

12.     On September 17, 2020, Defendant mailed Plaintiff a letter in an attempt to collect the subject debt ("Defendant's Letter").

13.     Defendant's Letter depicted, in pertinent part, as follows:


**INTENTIONALLY LEFT BLANK**



14. Defendant's Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

15. Defendant's Letter did not conspicuously identify the **current creditor** as required by §1692g(a)(2) of the FDCPA.

16. Specifically, Defendant's Letter identified the "Fire Dept of the City of Grand Prairie" as a "Creditor" but did not identify the **current creditor.**

17. Defendant's Letter confused Plaintiff as he was unable to determine if the original creditor, the "Fire Dept of the City of Grand Prairie," was also the current creditor.

18. In other words, just because the "Fire Dept of the City of Grand Prairie" may have been the original creditor does not necessarily mean that it is also the **current creditor.**

3

19.     Further obfuscating the identity of the **current creditor**, Defendant's Letter stated "[t]his has been sent *from* a collection agency…" (emphasis added).

20.     The language raised the possibility that a "collection agency" and not the Fire Department of the City of Grand Prairie sent the subject debt to Defendant for collection, therefore making the "collection agency" the current creditor.

21.     In other words, Defendant's Letter was confusing because it did not conspicuously identify Fire Department of the City of Grand Prairie as the entity that placed the subject debt with Defendant for collection; therefore leaving Plaintiff to guess whom the debt is owed to.

22.      Specifically, the language in Defendant's Letter confused Plaintiff because he was unable to ascertain if the subject debt was owed to an unknown "collection agency," the Fire Department of the City of Grand Prairie, or Defendant.

23.     Further obfuscating the identity of the **current creditor**, Defendant's Letter requested that payment be made directly to Defendant, and not the Fire Department of the City of Grand Prairie.

24.     Defendant's Letter also stated that Plaintiff could write to Defendant within 30 days, and Defendant would "provide [him] with verification and the name and address of the original creditor, if different from the current creditor."

25.     This language raised the possibility that the subject debt could have been sold, but did not clarify who actually owned the subject debt.

26.     Accordingly, Defendant's Letter confused Plaintiff as he was unable to definitively determine whom the subject debt is owed to.

27.     The confusing language in Defendant's Letter impacted Plaintiff's decision to pay the subject debt as Plaintiff was deprived of his right to receive critical information required by the FDCPA.

## CLAIMS FOR RELIEF

### COUNT I:
### Fair Debt Collection Practices Act (15 U.S.C. § 1692 *et seq.*)

28.     All Paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

### Violation(s) of 15 U.S.C. § 1692g

29.     Section 1692g(a) provides:

(a) Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –

      (1)    the amount of the debt;

      (2)    **the name of the creditor to whom the debt is owed**;

      (3)    a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

      (4)    a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

      (5)    a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

(emphasis added).

30.     Section 1692g of the FDCPA requires debt collectors to make certain disclosures, including the identity of the current creditor.

31.     Defendant violated 15 U.S.C. §1692g by failing to adequately provide Plaintiff with the disclosures required by the FDCPA

32.     Specifically, Defendant violated §1692g(a)(2) by failing to identify the **current creditor** to whom the debt is owed.

33.     As set forth above, Defendant's Letter confused Plaintiff as he was unable to determine whether the Fire Department of the City of Grand Prairie, Defendant, or an unknown third party "collection agency" was the current creditor to whom the subject debt is owed to.

34.     The confusing and misleading nature of Defendant's Letter impacted Plaintiff's decision to pay the subject debt and thus Defendant's omissions and ambiguous representations were material.

35.     Assuming that Fire Department of the City of Grand Prairie is in fact the creditor to whom the debt is owed, Defendant's Letter is still deficient because "[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.,* 948 F.3d 761, 765 (7th Cir. 2020).

**WHEREFORE**, Plaintiff requests the following relief:

A.      a finding that Defendant violated 15 U.S.C. § 1692g(a)(2);

B.      an award of any actual damages sustained by Plaintiff as a result of Defendant's violation(s);

C.      an award of such additional damages, as the Court may allow, but not exceeding $1,000.00;

D.      an award of attorney's fees and costs; and

E.      an award of such other relief as this Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury.

Dated: October 20, 2020                    Respectfully submitted,

**EURAL SKURLARK**

By: *_/s/ Mohammed O. Badwan_*

Mohammed O. Badwan, Esq.
Sulaiman Law Group, Ltd.
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
(630) 575-8180
mbadwan@sulaimanlaw.com