UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| EURAL SCURLARK | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 5:20-CV-01242 |
| | § | |
| QUALITY ASSET RECOVERY, LLC | § | |
|     Defendants. | § | |

**DEFENDANT QUALITY ASSET RECOVERY, LLC'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER FED. R. CIV. P. 12(b)(6)**

Defendant, Quality Asset Recovery, LLC ("Defendant" or "QAR"), through its undersigned counsel, hereby moves this Court before the Honorable Jason Pulliam, United States District Judge, United States District Court for the Western District of Texas, for an Order granting Defendant's Motion to Dismiss in accordance with Fed. R. Civ. P. 12(b)(6).

## TABLE OF CONTENTS

I. INTRODUCTION ................................................................................................ 5

II. STATEMENT OF FACTS ................................................................................... 5

III. LEGAL ARGUMENT .......................................................................................... 7

   A. Standard of Review ...................................................................................... 7

   B. Defendant's Collection Letter Does Not Violate the FDCPA Because the Letter is Not Misleading and the Letter Effectively Conveys the Name of the Creditor to Whom the Debt is Owed ............................................................................................................ 8

      1. FDCPA Legal Standard................................................................................ 8

      2. Analysis ...................................................................................................... 10

IV. CONCLUSION .................................................................................................... 16

# TABLE OF AUTHORITIES

**Cases**

*Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643 (S.D.N.Y. 2006) .................................................. 9
*Adams v. Universal Fidelity, L.L.P.*, No. H-17-3354, 2018 WL 4030639 (S.D. Texas Aug. 23, 2018). ........................................................................................................................... 11, 12
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) ................................... 7
*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) .................. 7
*Brunett v. Convergent Outsourcing, Inc.*, 982 F.3d 1067, 1068 (7th Cir. 2020), (Jan. 11, 2021) 16
*Campbell v. Wells Fargo Bank,* 781 F.2d 440 (5th Cir.1986) ....................................................... 7
*Daugherty v. Convergent Outsourcing, Inc.*, 826 F. 3d 507 (5th Cir. 2016) ................................. 8
*Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981 (W.D. Tex. 2008) ................................ 9
*Fitchel v. Merchants' Credit Guide Co.,* No.: 4:18-cv-00011, 2018 WL 3453910 (E.D. Tex. June 25, 2018). ................................................................................................................................ 12
*Furia v. Indep. Recovery Res., Inc.*, No. 18CV6102SJFARL, 2020 WL 676256 (E.D.N.Y. Jan. 27, 2020) .................................................................................................................................. 13
*Goldtsein v. Diversified Adjustment Serv., Inc.*, No. 17-cv-04729, 2017 WL 5592683 (E.D.N.Y. Nov. 20, 2017) ......................................................................................................................... 12
*Gomez v. Niemann & Heyer, L.L.P*, No. 1:16-CV-119 RP, 2016 WL 3562148 (W.D. Tex. June 24, 2016) .................................................................................................................................... 8
*Goswami v. Am. Collections Enter.*, 377 F. 3d 488 (5th Cir. 2004) ............................................. 9
*Helman v. Bank of Am.*, 685 F. App'x 723 (11th Cir. 2017) ................................................. 14, 15
*Homa v. GC Servs. LP*, No. 2:17-cv-01661; 2:17-cv-3914, 2018 WL 4636816 (E.D.N.Y. Sept. 27, 2018) .................................................................................................................................. 13
*Howard v. Client Servs.*, No. 0:17-cv-62425, 2 2018 WL 10345280 (S.D. Fla. Aug. 21, 2018). 15
*Johnson v. Simm Assocs.*, 335 F. Supp. 3d 680 (D. Del. Aug. 14, 2018) ..................................... 14
*Jones v. Greninger*, 188 F.3d 322 (5th Cir.1999) ......................................................................... 7
*Mahmoud v. De Moss Owners Ass'n*, 865 F.3d 322 (5th Cir. 2017) ............................................ 8
*Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464 (5th Cir. 2004) ............. 7
*Matthias v. Tate & Kirlin Associates, Inc.*, No. Civ. 1-0182, 2021 WL 10781, at *4 (W.D. Wis. January 12, 2021) …………………………………………………………………………..16
*McCullough v. Wells Fargo Bank*, Civil Action SA-18-cv-01066-FB, 2019 WL 612995 (W.D. Tex. January 15, 2019) ............................................................................................................... 9
*McMurray v. ProCollect, Inc.*, 687 F. 3d 665 (5th Cir. 2012) ....................................................... 8
*Musarra v. Balanced Healthcare Receivables*, LLC, No. 19CV5814ARRRML, 2020 WL 1166449 (E.D.N.Y. Mar. 11, 2020) ..................................................................................... 9, 10
*Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 875-76 (S.D. Tex. 2011) …………………………..9
*Polizois v. Vengroff Williams, Inc.*, No. 16-CV-7011, 2018 WL 1443875 (E.D.N.Y. Mar. 22, 2018) ........................................................................................................................................ 13
*Salinas v. R.A. Rogers, Inc.*, No. SA-18-CV-733-XR, 2019 WL 2465325 (W.D. Tex. June 13, 2019) .......................................................................................................................................... 8
*Smith v. Simm Assocs., Inc.*, 926 F.3d 377 (7th Cir. 2019) .................................................... 10, 15
*Steffek v. Client Services, Inc.,* 948 F.3d 761 (7th Cir. 2020). ..................................................... 15
*Taylor v. MRS BPO, LLC*, No. 2:17-cv-01733, 2017 WL 2861785 (E.D.N.Y. July 5, 2017) ..... 13
*Tuchman v. DSC Comm. Corp.*, 14 F. 3d 1061 (5th Cir.1 994) .................................................... 8

**Statutes**

15 U.S.C. § 1692 *et seq*.................................................................................................... 5
15 U.S.C. § 1692g .................................................................................................... 5, 14
15 U.S.C. § 1692g(a) ..................................................................................................... 9
15 U.S.C. § 1692g(a)(2) ................................................................................................. 5

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................ 5, 16

## I. INTRODUCTION

Plaintiff, Eural Scurlark ("Plaintiff") alleges that Defendant's collection letter violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") because it clearly stated that his creditor was the "FIRE DEPT OF THE CITY OF GRAND PRAIRIE." (Doc. 8 at ¶ 13). Plaintiff somehow claims that Defendant did not identify the current creditor when no other creditor was listed in the letter. (Doc. 8 at ¶¶ 13 - 26). Plaintiff also claims that Defendant's letter is also confusing and obscure to whom the debt is owed. (Doc. 8 at ¶¶ 16 - 25). However, Defendant's letter is unambiguous and an unsophisticated consumer can clearly identify to whom the account is due. (Doc. 8 at ¶ 13). Plaintiff also even admits in the Amended Complaint that he understood that his obligation for services he received from the "FIRE DEPT OF THE CITY OF GRAND PRAIRIE" was placed with Defendant for collection. (Doc. 8 at ¶¶ 8 - 12). As a result, Plaintiff's claims fail as a matter of law, and Defendant now files this Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6)

## II. STATEMENT OF FACTS

Plaintiff filed his First Amended Complaint ("Amended Complaint") on January 12, 2021, alleging that Defendant violated Sections 1692g and 1692g(a)(2) of the FDCPA. (Doc. 8 at ¶¶ 35-38); 15 U.S.C. § 1692g; 15 U.S.C. § 1692g(a)(2).[1]  Plaintiff's claims arise out of Defendant's letter dated September 17, 2020, which states, in pertinent part:

Date:   September 17, 2020                          Creditor Account:1700005793.1

Creditor: FIRE DEPT. OF THE CITY OF GRAND PRAIRIE    Date of Service:  04/26/17

Account Name:  SCURLARK, EURAL                       Balance Due:      $222.00

This has been sent from a collection agency, it is an attempt to collect a debt and any information

---

[1] Plaintiff filed his initial Complaint on October 20, 2020.  (Doc. 1).  On December 29, 2020, Defendant moved for dismissal of the Complaint under Fed. R. Civ. P. 12(b)(6).  (Doc. 6).

obtained will be used for that purpose. The balance listed above is due in full. Unless you notify this office within 30 days after receiving this notice that you dispute the debt, or any portion thereof, we will assume it is valid. If you notify this office in writing within thirty (30) days from receiving this notice we will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of a judgment and mail you a copy of such judgment or verification. Upon receipt of your written request during this time period, we will provide you with verification and the name and address of the original creditor, if different from the current creditor.

Sincerely,
Quality Asset Recovery, LLC

(Doc 8 at ¶ 13).

Plaintiff asserts that the letter is confusing as it identifies the "Fire Dept. of the City of Grand Prairie" (the "Fire Department") as the creditor but does not specify whether the Fire Department is the original creditor or the current creditor. (Doc 8 at ¶¶ 16-19). Plaintiff claims the letter is confusing as to whether the current creditor is the entity listed as "Creditor" in the above referenced letter or whether it is Defendant, who identified itself as a "collection agency." (Doc. 8 at ¶ 20). Plaintiff also claims the letter did not identify the Fire Department as the entity that placed his account with Defendant for collection "leaving Plaintiff to guess to whom the debt is owed to." (Doc. 8 at ¶ 21). Plaintiff alleges that he "was unable to ascertain" if his obligation was owed to "an unknown 'collection agency,' the Fire Department of the City of Grand Prairie, or Defendant." (Doc. 8 at ¶ 22).

Plaintiff alleges that Defendant's letter is also confusing because the letter stated that payment should be made to Defendant as opposed to the Fire Department. (Doc. 8 at ¶ 23). Plaintiff also claims that the language required by Section 1692g(a)(5) of the FDCPA stating that Defendant would "'provide [him] with verification and the name and address of the original creditor, if different from the current creditor," somehow "raised the possibility" that his account had been sold and did not clarify who owned the account. (Doc. 8 at ¶¶ 23-26).

Plaintiff claims that he did not make a payment because Defendant's letter "rendered it

impossible for Plaintiff to determine whom he is ultimately paying." (Doc. 8 at ¶ 27). Plaintiff alleges this confusion caused Plaintiff to not make any payments on the account as he "ran the risk of making payment to an unknown entity." (Doc. 8 at ¶¶ 28-32).

Defendant now moves to dismiss the Amended Complaint, as Plaintiff has failed to state a claim upon which relief can be granted.

### III. LEGAL ARGUMENT

#### A. Standard of Review

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly, 550 U.S. at 556, 127 S.Ct. 1955*). Importantly, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* The "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit, 369 F.3d 464, 467 (5th Cir. 2004)* (quoting *Jones v. Greninger, 188 F.3d 322, 324 (5th Cir.1999)*). The court will construe the complaint liberally in favor of the plaintiff, and takes all facts pleaded in the complaint as true. *Campbell v. Wells Fargo Bank, 781 F.2d 440, 442 (5th Cir.1986)*. This strict standard of review may be summarized as follows: "[t]he question therefore is whether in the light most favorable to the plaintiff and with every doubt resolved on his behalf, the complaint states any valid claim for relief." *5 CHARLES A. WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357, at 601 (1969)*.

However, courts are not obligated to "accept as true conclusory allegations or unwarranted deductions of fact." *Tuchman v. DSC Comm. Corp.*, 14 F. 3d 1061, 1067 (5th Cir.1 1994).

### B. Defendant's Collection Letter Does Not Violate the FDCPA Because the Letter is Not Misleading and the Letter Effectively Conveys the Name of the Creditor to Whom the Debt is Owed

#### 1. **FDCPA Legal Standard**

Congress enacted the FDCPA to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. §1692(e). The FDCPA is "construed broadly and in favor of the consumer" as it was "clearly intended to have a broad remedial scope." *Daugherty v. Convergent Outsourcing, Inc.*, 836 F. 3d 507, 511 (5th Cir. 2016). However, the FDCPA not only protects consumers from deceptive trade practices, but also protects debt collectors from the liability of "bizarre or idiosyncratic consumer interpretations of collection materials." *McMurray v. ProCollect, Inc.*, 687 F. 3d 665, 669 (5th Cir. 2012). A court may decide whether a communication is deceptive, misleading, or unfair, as a matter of law, "only when 'reasonable minds' cannot differ. . . ." *Gomez v. Niemann & Heyer, L.L.P*, No. 1:16-CV-119 RP, 2016 WL 3562148, at *4 (W.D. Tex. June 24, 2016). "A plaintiff's mere claim of confusion is not enough . . . . Rather, a plaintiff must demonstrate that the letter's language unacceptably increases the level of confusion." *Salinas v. R.A. Rogers, Inc.*, No. SA-18-CV-733-XR, 2019 WL 2465325, at *4 (W.D. Tex. June 13, 2019) (addressing summary judgment standard). A plaintiff can demonstrate a triable issue of fact if the "collection letter is confusing or unclear on its face" or through "objective evidence of confusion . . . such as surveys that attempt to measure the level of consumer understanding" of the letter. *Id.*

When evaluating communication for potential deception, the "unsophisticated" or "least sophisticated" consumer standard is applied. *Mahmoud v. De Moss Owners Ass'n*, 865 F.3d 322, 330 (5th Cir. 2017). This requires the Court to "assume that the plaintiff-debtor is neither shrewd

nor experienced in dealing with creditors." *Goswami v. Am. Collections Enter.*, 377 F. 3d 488, 495 (5th Cir. 2004). The unsophisticated consumer standard does not, however, relegate the debtor to the "very last rung on the [intelligence or] sophistication ladder." *Id.*

"The Fair Debt Collection Practices Act ("the FDCPA") requires a debt collector, within five days after its "initial communication with a consumer in connection with the collection of any debt," to send the consumer a written notice containing five disclosures." *McCullough v. Wells Fargo Bank*, Civil Action SA-18-cv-01066-FB, 2019 WL 612995, at *4 (W.D. Tex. January 15, 2019) (citing 15 U.S.C. § 1692g(a)). The purpose of the initial communication is to notify the debtor of their "right to seek validation of the debt and dispute the validity of the debt." *Eads v. Wolpoff & Abramson, LLP*, 538 F. Supp. 2d 981, 989 (W.D. Tex. 2008). These initial communications must include the following:

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

The standard for determining whether a letter violates Section 1692g of the FDCPA is similar for that as of Section 1692e. *See e.g. Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 875-76 (S.D. Tex. 2011); *Foti v. NCO Fin. Sys., Inc.*, 424 F. Supp. 2d 643, 666 (S.D.N.Y. 2006); *Musarra*

*v. Balanced Healthcare Receivables*, LLC, No. 19CV5814ARRRML, 2020 WL 1166449, at *4 (E.D.N.Y. Mar. 11, 2020).

### 2. Analysis

There is no question here that Defendant's letter clearly and unambiguously identified the Fire Department as Plaintiff's creditor and that it is the original creditor. (Doc 8 at ¶ 13). There can be no confusion here where a letter labels one entity as the "creditor" and describes another as a "collection agency" in the body of the letter. Defendant's letter states:

"Date: September 17, 2020                                   Creditor Account:1700005793.1

Creditor: FIRE DEPT. OF THE CITY OF GRAND PRAIRIE    Date of Service:  04/26/17

Account Name:  SCURLARK, EURAL                        Balance Due:     $222.00

This has been sent from a collection agency, it is an attempt to collect a debt and any information obtained will be used for that purpose.  The balance listed above is due in full.  Unless you notify this office within 30 days after receiving this notice that you dispute the debt, or any portion thereof, we will assume it is valid.  If you notify this office in writing within thirty (30) days from receiving this notice we will obtain verification of the debt or obtain a copy of the judgment and mail you a copy of a judgment and mail you a copy of such judgment or verification.  Upon receipt of your written request during this time period, we will provide you with verification and the name and address of the original creditor, if different from the current creditor.

Sincerely,
Quality Asset Recovery, LLC

(Doc 8 at ¶ 13).

The Seventh Circuit has addressed the specific question of whether the exact words "current creditor" are required by the FDCPA. *Smith v. Simm Assocs., Inc.*, 926 F.3d 377, 380 (7th Cir. 2019). In that case, the letter under review listed the current creditor as "client" and separately listed the original creditor. *Id.* The plaintiff made the same argument as raised in this case, that the failure of the letter to use the words "current creditor" could mislead a consumer as to whom the debt is currently owed. *Id.* The court held that the FDCPA does not require any

specific terminology to identify the creditor and that the letter as a whole provides a clear picture of the debt for the consumer. *Id.* at 381. Courts within the Fifth Circuit have addressed similar arguments. In *Adams v. Universal Fidelity, L.L.P*, the plaintiff claimed a debt collector failed to satisfy Section 1692g(a)(2) by obfuscating whether the debt was owed to the creditor or to the collection agency. *Adams v. Universal Fidelity, L.L.P.*, No. H-17-3354, 2018 WL 4030639, at *2-3 (S.D. Texas Aug. 23, 2018). The letter in *Adams* did not explicitly label the creditor but did indicate that the defendant was a collection agency working on behalf of the creditor. *Id.* The letter mentioned the creditor's name three separate times, under the headings "Account Summary," "Customer Information," and "Consumer Information," and specified that the collection agency was asked by the creditor to contact plaintiff regarding the account. *Id.*

The plaintiff argued "[i]t is deceptive to fail to state the name of the creditor on any collection letter sent to a consumer because the consumer is entitled to know to whom the Alleged Debt is owed in order to ascertain whether [the consumer owes] the Alleged Debt." *Id.*

However, the court, held that the plaintiff cannot logically maintain that she was prevented from knowing the source of the debt while also pleading that she knows the source of the debt. *Id.* The court cited plaintiff's complaint, wherein she stated she knew the source of the debt: "[T]he debt was incurred for the purchase of a 'Boop Film Bag' which Plaintiff uses for personal wear and is thus a consumer debt under the FDCPA." *Id.* The court in *Adams* held plaintiff failed to assert a plausible claim that the letter misrepresented the creditor's identity because the letter mentioned the creditor's name three separate times, under the headings "Account Summary," "Customer Information," and "Consumer Information." *Id.* The court also held the plaintiff lacked standing to bring the claim because the plaintiff admitted in the complaint that the letter correctly identified the creditor and therefore could not show a risk of harm. *Id.*

Applying the court's reasoning in *Adams* to this case, there is no violation because Plaintiff admits in his Amended Complaint that he knew the obligation was owed to the Fire Department and he specifically pleads that he is aware that the subject obligation was placed with Defendant for collection. (Doc. 8 at ¶¶ 8-11). Plaintiff's entire claim rests on attempting to convince this Court he was confused as to whether the Fire Department, or Defendant, was the current creditor. (Doc. 8 at ¶ 20). Plaintiff, however, admits in his Amended Complaint he knows how the obligation arose and that Defendant was tasked with collecting the obligation so there is no possible risk that he was confused by their respective roles. (Doc. 8 at ¶¶ 8-12).

In *Fitchel v. Merchants' Credit Guide Co,* the plaintiff likewise claimed a collection letter failed to convey the name of the current creditor by listing the creditor as the collection agency's "client" but not using the term "current creditor." *Fitchel v. Merchants' Credit Guide Co.,* No.: 4:18-cv-00011, 2018 WL 3453910, *3 (E.D. Tex. June 25, 2018). The court granted the defendant's motion to dismiss stating that the identification of the creditor as the collection agency's client, as well as the fact that defendant identified itself as a collection agency contributed to the conclusion that the collection letter could not be found deceptive, as a matter of law. *Id*. at 4. Likewise, in this case, Defendant used the term "creditor" to describe the Fire Department and referred to itself as a collection agency in the body of the letter. (Doc. 8 at ¶ 13). There are no other entities listed in the letter, and thus, there can be no confusion that the Fire Department is the current creditor. (Doc. 8 at ¶ 13)

Other District Courts have also dismissed similar cases to the instant action because the allegations "arise out of exactly the kind of labored reading of the letter from which courts have worked to protect debt collectors." *See Goldtsein v. Diversified Adjustment Serv., Inc.*, No. 17-cv-04729, 2017 WL 5592683 at *11 (E.D.N.Y. Nov. 20, 2017) (granting motion for judgment on the

pleadings when defendant failed to use creditor's full legal name); *Polizois v. Vengroff Williams, Inc.*, No. 16-CV-7011, 2018 WL 1443875, at *18 (E.D.N.Y. Mar. 22, 2018) (granting motion for summary judgment to collection agency when it identified itself as such and wrote it was engaged by the "above creditor"); *Taylor v. MRS BPO, LLC*, No. 2:17-cv-01733, 2017 WL 2861785, at *8-9 (E.D.N.Y. July 5, 2017) (granting motion to dismiss as reference to creditor in reference line was sufficient when coupled with account number and additional references to creditor in body of letter); and *Homa v. GC Servs. LP*, No. 2:17-cv-01661; 2:17-cv-3914, 2018 WL 4636816, at *15–16 (E.D.N.Y. Sept. 27, 2018) (granting motion to dismiss when defendant did not use the word "creditor" but specified "you owe Chase Bank.") (affirmed in part, reversed in part).

In *Furia v. Indep. Recovery Res., Inc.*, No. 18CV6102SJFARL, 2020 WL 676256, at *3 (E.D.N.Y. Jan. 27, 2020), plaintiff complained defendant's letter did not clearly or properly identify the current creditor when it wrote "Regarding: Peconic Bay Medical Center" before listing the service date, amount owed, and reference number. *Id.* The court held that the defendant's letter was clear as the defendant clearly self-identified as a collection agency, and the letter taken as a whole clearly connected the money owed to the Peconic Bay Medical Center. *Id.*

In *Polizois*, the plaintiff brought claims against a debt collector after receiving a collection letter that listed the creditor as the collector's "client" at the top of the collection letter. *See Polizois*, 2018 WL 1443875, at *3. However, the collection letter informed the plaintiff that the debt collector was a debt collection agency and had been "engaged by the above creditor." *Id.* The court granted summary judgment in favor of the debt collector, holding that, in reading the letter, the least sophisticated consumer would have been aware that the name of the creditor appeared in the letter in compliance with Section 1692g of the FDCPA. *Id.* at *11. Although the court acknowledged that, while including the creditor's name in the letter, without more, is

insufficient to satisfy Section 1692g, here the letter was not open to more than one reasonable interpretation as to the identity of the plaintiff's creditor. *Id*. at *12-13.

Additionally, courts have found that it strains credulity to assert that the least sophisticated consumer would be misled by a collection letter that names the creditor to whom the debt is owed. *See Johnson v. Simm Assocs.*, 335 F. Supp. 3d 680, 682 (D. Del. Aug. 14, 2018). In *Johnson*, the collection letter listed the collector's client, i.e., the entity to whom the debt was owed, and the original creditor. *Johnson*, 335 F. Supp. 3d at 683. The plaintiff brought claims alleging violations of Sections 1692g and 1692e, and specifically alleged the letter failed to inform her as to who the current creditor was. *Id*. The court granted the defendant debt collector's motion to dismiss, and held, "[w]hen the debt collector's . . . letter identified the original creditor with an alleged balance and then identifies the debt collector's client now owning the same debt, we must dismiss the consumer's claim as a least sophisticated debtor would understand the disclosed client currently owns the . . . debt." *Id*. at 682. The court reasoned, "we cannot so distort these disclosures to manufacture an ambiguity which may be considered deceptive or misleading." *Id.*

Here, there can be absolutely no confusion that Defendant's letter complied with Section 1692g of the FDCPA by identifying the current and only creditor and identifying itself as a collection agency. (Doc. 8 at ¶ 13). Defendant's letter plainly sets out that the creditor of the obligation is the Fire Department as it was identified by using the term "Creditor." (Doc. 8 at ¶ 13). Plaintiff concedes that he understood Defendant to be a collection agency. (Doc. 8 at ¶ 11). Plaintiff also concedes that he incurred the obligation set out in the letter. (Doc. 8 at ¶ 9). Defendant identified itself as a collection agency in the body of the letter, which states "This has been sent from a collection agency. It is an attempt to collect a debt and any information obtained will be used for that purpose." (Doc. 8 at ¶ 13).

Thus, in viewing the letter, the least sophisticated consumer standard requires the Plaintiff to possess his prior knowledge with regard to the debt. *Helman v. Bank of Am.*, 685 F. App'x 723, 727 (11th Cir. 2017) (holding "that a single potentially ambiguous communication would override a series of clear and unambiguous communications to the contrary—is exactly the type of "bizarre or idiosyncratic interpretation of collection notices" to which we have refused to give protection even under the least sophisticated consumer standard."). Surely the Plaintiff may not be allowed to start each day anew, with no knowledge of the debts he concedes to have incurred in his past. *See Howard v. Client Servs.*, No. 0:17-cv-62425, 2018 WL 10345280, *19 (S.D. Fla. Aug. 21, 2018) ("The least sophisticated consumer does not start each day anew with no memory of the last; instead, she has a reasonable knowledge of her account's history."). As a result of Defendant identifying itself as a debt collector, the Plaintiff's admission that he incurred and recognized the obligation, and the Fire Department being prominently labeled as "creditor", the least sophisticated consumer would not be confused as to the identity of the Plaintiff's creditor.

In support Plaintiff cites a case from the Seventh Circuit Court of Appeals that held ""[t]he mere presence of the correct name in the notice somewhere does not suffice." *Steffek v. Client Services, Inc.*, 948 F.3d 761, 765 (7th Cir. 2020). (Doc. 8 at ¶ 39). In *Steffek*, the communication under review simply listed the creditor in the reference line of the letter, without any reference to that party as the creditor. *Steffek*, 948 F.3d at 765. That case distinguished itself from *Smith v. Simm Assocs., Inc.*, 926 F.3d 377 (7th Cir. 2019) by noting that that, unlike in *Smith*, the letter did not clearly identify the creditor by only citing it in the reference line. *Steffek*, 948 F.3d at 767. The court reiterated that the FDCPA does not require specific language but requires that the communication clearly identify to whom the debt is due. *Id.* While in the case at bar, the line in question is clearly printed: "Creditor: FIRE DEPT. OF THE CITY OF GRAND PRAIRIE." (Doc.

8 at ¶ 13). Upon applying a quotient of objective reasonableness and care, Defendant's letter reveals that the Fire Department is the current and only creditor to whom the obligation is owed.

In *Matthias v. Tate & Kirlin Associates, Inc.*, No. Civ. 1-0182, 2021 WL 10781, at *4 (W.D. Wis. Jan. 12, 2021), the court held that contentions of confusion are not enough to plead a claim under the FDCPA. *Id.* In that case, the plaintiff alleged similar damages as Plaintiff, namely that he did not know who the creditor was and he did not know whom to pay. *Id.* (Doc. 8 at ¶¶ 30-31). The court, in deciding cross motions for summary judgment, ruled for the defendant, holding that plaintiff lacked standing. *Matthias*, 2021 WL 10781 at *5. The plaintiff contended that the "letters left him unsure about whom to pay, [but] his confusion is not enough." *Id. at *4*. The plaintiff "did not try to clarify his confusion, did not make a payment, and did not otherwise attempt to manage his debt." *Id. at *4*; *see also* Brunett v. Convergent Outsourcing, Inc., 982 F.3d 1067, 1068 (7th Cir. 2020), (Jan. 11, 2021) ("A debtor confused by a dunning letter may be injured if she acts, to her detriment, on that confusion . . . . But the state of confusion is not itself an injury. If it were, then everyone would have standing to litigate about everything."). Like in *Matthias*, Plaintiff has failed to show that he took any action to his detriment. (Doc. 8 at ¶¶ 27-32).

Thus, Defendant's Collection Letter complies with Section 1692g of the FDCPA. As such, this Court should grant Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), and enter judgment in favor of Defendant.

IV.   **CONCLUSION**

For all of the foregoing reasons, this Court should grant Defendant's Motion to Dismiss on the Pleadings under Fed. R. Civ. P. 12(b)(6).

Thus, Defendant respectfully requests that the Court grant this Motion to Dismiss, dismiss each of Plaintiff's claims asserted against Defendant with prejudice, as well as any and all other

and further relief, at law or equity, to which it may show itself to be justly entitled.

Dated: January 26, 2021

Respectfully submitted,

**THOMPSON, COE, COUSINS & IRONS, L.L.P.**

By: */s/ Jason R. Jobe*
Jason R. Jobe
State Bar No. 24043743
Email: jjobe@thompsoncoe.com

Plaza of the Americas
700 N. Pearl Street, 25th Floor
Dallas, Texas 75201-2832
Telephone: (214) 871-8200
Telecopy: (214) 871-8209

**COUNSEL FOR DEFENDANT
QUALITY ASSET RECOVERY, LLC**

# CERTIFICATE OF SERVICE

      I hereby certify that on January 26, 2021, a copy of the foregoing document was served on counsel for Plaintiff in accordance with the Federal Rules of Civil Procedure via ECF to the following:

**Via E-Mail**:
Mohammed O. Badwan, Esq.
**SULAIMAN LAW GROUP, LTD.**
2500 South Highland Avenue
Suite 200
Lombard, Illinois 60148
mbadwan@sulaimanlaw.com

*Attorney for Plaintiff*

                                                */s/ Jason R. Jobe*
                                                Jason R. Jobe